IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

|  |  |
|---|---|
| AMELIA BROWN,<br>    PLAINTIFF, |  |
| v. | Case No. 5:19-cv-265 |
| GREEN SQUARE COMPANY LLC, and<br>GREAT AMERICAN INSURANCE COMPANY,<br>    DEFENDANTS |  |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq* (hereinafter referred to as "TFC") by Green Square Company LLC ("GSC").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that GSC transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this Judicial District.

## PARTIES

6. Plaintiff, Amelia Brown ("Plaintiff"), is an adult individual residing in Littlefield, Texas.

7. GSC is a New York professional corporation operating from 255 Great Arrow Ave, Suite 201, Buffalo, NY 14207.

8. GSC can be served via its registered agent, Peltan Law, PLLC, 128 Church Street, East Aurora, NY 14052.

9. Defendant Great American Insurance Company ("GAIC") is the surety company for the bond GSC has on file with the Texas Secretary of State, bond number E123752. GAIC is liable for acts committed by GSC pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

10. GAIC is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## FACTUAL ALLEGATIONS

11. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, the alleged account is an old payday loan, the funds from which were used to purchase various personal effects, but were in no way used for business or commercial purposes.

12. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

13. Plaintiff disputes the balance of the Account Defendants attempted to collect.

14. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

16. GSC is a company that receives placement of or purchases defaulted accounts for the sole purpose of collecting those accounts for a commission earned when the account is collected.

17. GSC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

18. Within the one year prior to the filing of this complaint, GSC called Plaintiff multiple times and threatened that it would sue Plaintiff on the Account and would place a lien against or seize her automobile.

19. When GSC made the above-mentioned statements, GSC did not have the intent and/or authority to sue Plaintiff on the Account.

20. When GSC made the above-mentioned statements, GSC did not have the intent and/or authority to place a lien against or seize Plaintiff's automobile.

21. In the one year prior to the filing of the complaint, GSC left voicemail messages for Plaintiff that stated the following:

> This is a formal notification solely intended for Amelia Brown. This is the offices of Green Square Services calling in regards to your [inaudible] Visa banking information with this office. We strongly suggest that you return this call immediately before this matter is outsourced for final action against you. You may contact our office directly 888-591-9207. Thank you and have a great day. 1077027.

22. In the one year prior to the filing of the complaint, GSC left voicemail messages

    for Plaintiff that stated the following:

    > This is a formal notification solely intended for Amelia Brown. This is the offices of Green Square Services calling in regards to your [inaudible] Visa banking information with this office. We strongly suggest that you return this call immediately before this matter is outsourced for final action against you. You may contact our office directly 888-591-9207. Thank you and have a great day. 1077027.

23. In the one year prior to the filing of the complaint, GSC left voicemail messages

    for Plaintiff that stated the following:

    > Yes, Amelia Brown, this is Amanda Lawson with ESP and associates. I'm Giving you a call here in regards to your declined payment in our office. I will need to speak with you before 5 o'clock today. My direct number is 7 1 6 4 1 8 [inaudible]. And its extension 3 4 1. Thank you.

24. In the one year prior to the filing of the complaint, GSC left voicemail messages

    for Plaintiff that stated the following:

    > Amelia Brown, this is the Angela reaching out to you concerning the order we were holding for you and you need to return the call to me directly. My number is 8 5 5 5 6 6 7 7 1 2. Thank you.

25. In the one year prior to the filing of the complaint, GSC left voicemail messages

    for Plaintiff that stated the following:

    > This message is for Amelia Brown.  I remember talking to you yesterday. Before we start the process of the lien towards the vehicle of your husband, I need you to contact me immediately ma'am. I'm going to give you the number, its 8 3 3 3 7 8 9 2 9 4. I gave you a hardship situation where you are contacting us back to pay ten dollars towards something to your next payment. Contact me at 8 3 3 3 7 8 9 2 9 4. Ask directly for Mr. Benson. If I don't speak to you, I have no other recourse [inaudible] except to proceed with the allegations - all allegations - as if they were founded.

26. In the one year prior to the filing of the complaint, GSC left voicemail messages for Plaintiff that stated the following:

> This message is solely intended for Amelia Brown. This is Christina Maddox contacting you concerning the civil grievance filed against your name as well as your social ending in 3 4 4 8. When you last spoke with our office you provided us with your MasterCard ending at 8 7 1 9 and thus far you've paid 70 dollars on your balance. The payment you authorized for $65.28 came back insufficient funds. When I spoke with you you said that you had endured some death in your family and that you would be giving us a call back by 5:00 that day and we never heard back from you. To avoid the matter from being forwarded to your employer, you or your attorney can reach our office no later than 5 p.m. While calling I can be reached at 8 4 4 8 0 2 1 3 1 0. Good luck.

27. In the one year prior to the filing of the complaint, GSC left voicemail messages for Plaintiff that stated the following:

> This message is solely intended for Amelia Brown. This is Christina Maddox contacting you in reference to the civil grievance filed against your name as well as your social. When you last spoke with our office, you provided to us your MasterCard ending in 8 7 1 9. However, the payment you authorized of $25.00 came back insufficient funds incurring a $35.00 insufficient fee. You or your attorney can reach our office no later than 5 p.m. at 8 4 4 8 0 2 1 3 3 0. Again that's 8 4 4 8 0 2 1 3 3 0. Good luck.

28. In the one year prior to the filing of the complaint, GSC left voicemail messages for Plaintiff that stated the following:

> This message is solely intended for Amelia Brown. This is Christina [inaudible] contacting you concerning the civil grievance filed against your name as well as your social ending in 3 4 4 8. When you last spoke with our office you provided us with your MasterCard ending at 8 7 1 9. That's how you paid seventy dollars on your balance. The payment you authorized of $65.28 on 8/16 came back insufficient funds. When I spoke with you you stated that you had endured some death in your family and that you would be giving us a call back by 5:00 that day and we never heard back from you. To avoid the matter from being forwarded to your employer, you or your attorney can reach our office no later than 5 p.m. When calling, I can be reached at 8 4 4 8 0 2 1 3 1 0. Good Luck.

5

29. In one or more communications with Plaintiff, GSC did not inform Plaintiff that it was a debt collector or that the communication was an attempt to collect a debt or that any information would be used for the purpose of debt collection.

30. Also, GSC did not inform Plaintiff of Plaintiff's rights under 15 U.S.C. § 1692g either in the initial communication or within five days of the initial communication.

31. The language used by GSC in one or more of the telephone communications described above from GSC to Plaintiff would cause the least sophisticated consumer to believe that a lawsuit had been filed or immanently would be filed against Plaintiff.

32. At the time these communications were made, GSC had no present intention of suing Plaintiff on the Account.

33. The language used by GSC in one or more of the telephone communications described above from GSC to Plaintiff would cause the least sophisticated consumer to believe that his or her wages might be garnished if the account was not repaid.

34. At the time these communications were made, GSC had no present intention or authority to garnish Plaintiff's wages.

35. GSC intended for its language to scare Plaintiff into making a payment on the Account.

36. The purpose for all of the calls and voicemails described above was to attempt to collect the Account.

37. The calls and voicemails conveyed information regarding the Account directly or indirectly to Plaintiff.

38. The calls and voicemails constituted "communication[s]" as defined by 15 U.S.C. § 1692a(2).

39. The only reason that GSC communicated with Plaintiff was to attempt to collect the Account.

40. The statements and actions of GSC constitute illegal communication in connection with debt collection.

41. All of the conduct by GSC and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully and purposefully.

42. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## **RESPONDEAT SUPERIOR**

43. The representative(s) and/or collector(s) at GSC were employee(s) and/or agent(s) of GSC at all times mentioned herein.

44. The representative(s) and/or collector(s) at GSC were acting within the course and/or scope of their employment at all times mentioned herein.

45. The representative(s) and/or collector(s) at GSC were under the direct supervision and/or control of GSC at all times mentioned herein.

46. The actions of the representative(s) and/or collector(s) at GSC are imputed to their employer, GSC.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
## BY GREEN SQUARE COMPANY LLC

47. The previous paragraphs are incorporated into this Count as if set forth in full.

48. The act(s) and omission(s) of GSC and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(6) and § 1692(e)(2)&(4)&(5)&(8)&(10)&(11)&(14) and § 1692g(a).

49. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from GSC.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE
## BY GREEN SQUARE COMPANY LLC)

50. The previous paragraphs are incorporated into this Count as if set forth in full.

51. The act(s) and omission(s) of GSC and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.301(a)(7)&(8) and §392.304(a)(1)(A)&(5)&(8)&(14)&(19).

52. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs from GSC.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
## BY GREEN SQUARE COMPANY LLC)

53. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, GSC is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).  GSC intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

54. Plaintiff suffered actual damages as a result of GSC's intrusion in the way of fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT IV: UNREASONABLE COLLECTION EFFORTS BY GREEN SQUARE COMPANY LLC)

55. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, GSC is liable to Plaintiff for its unreasonable collection efforts.

56. Plaintiff has a right to be free from unreasonable and wrongful collection and/or repossession efforts. *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. –Waco 1962, writ ref'd n.r.e).

57. GSC's collection efforts were unreasonable and wrongful.

58. GSC's unreasonable collection efforts proximately caused Plaintiff to suffer injury, including but not necessarily limited to fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT V: IMPUTED LIABILITY OF HARTFORD CASUALTY INSURANCE COMPANY FOR LIABILITY OF GREEN SQUARE COMPANY LLC

59. The previous paragraphs are incorporated into this Count as if set forth in full.

60. The act(s) and omission(s) of GSC and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.301(a)(7)&(8) and §392.304(a)(1)(A)&(5)&(8)&(14)&(19) are imputed to GAIC pursuant to Tex. Fin. Code § 392.102.

61. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from GAIC.

## JURY TRIAL DEMAND

62. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

63. Judgment in favor of Plaintiff and against Green Square Company LLC as follows:

    a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Such other and further relief as the Court deems just and proper.

64. Judgment in favor of Plaintiff and against Green Square Company LLC and Great American Insurance Company, jointly and severally, as follows:

    a. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b. An injunction permanently enjoining GSC following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    c. Statutory damages in an amount not less than $100 for each violation of chapter 392 of the Tex. Fin. Code pursuant to Tex. Fin. Code § 392.403(e);

    d. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

e.  Such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          /s/ Jeffrey D. Wood
          Jeffrey D. Wood, Esq.
          ArkBN: 2006164
          The Wood Firm, PLLC
          209 Hubbard Drive
          Heath, TX  75032
          TEL:  682-651-7599
          FAX:  888-598-9022
          EMAIL:  jeff@jeffwoodlaw.com
          *Attorney for Plaintiff*